**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

United States District Court
Southern District of Texas
FILED

JAN 14 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. **14 CR 018** |
| v. | § | 18 U.S.C. § 1343 |
| | § | 18 U.S.C. § 1957 |
| JOSEPH S. ANTONUCCI | § | 18 U.S.C. § 1001 |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNTS ONE—FIFTEEN
### (18 U.S.C. § 1343 – Wire Fraud)

UNSEALED PER ARREST

### Introduction

At all times material to this indictment:

1. Patriot Managed Care Solutions, Inc. (Patriot) was a medical technology company located in the Houston Division of the Southern District of Texas. Patriot provided information technology services to small and mid-size health care companies, and it was owned by Eaglestone Investment Partners I, L.P. (Eaglestone), a limited partnership based in California.

2. Defendant **JOSEPH S. ANTONUCCI**, a resident of Harris County, Texas, was employed as the Executive Vice President and Treasurer of Patriot. Defendant **ANTONUCCI** ran the day to day operations of Patriot and reported directly to the managing partner of Eaglestone. In this role, defendant **ANTONUCCI** was responsible for all aspects of Patriot's operations, including servicing existing

customers, obtaining new customers, monitoring the company's financial status, and supervising other Patriot employees.

3. Defendant **ANTONUCCI** opened Patriot corporate accounts at Wells Fargo Bank in or about January 2007 and personal accounts at Wells Fargo in or about April 2007. The defendant was the only individual with signature authority over the Patriot corporate accounts.

## The Scheme

Beginning in at least January 2007, the exact date being unknown, and continuing through in or about September 2012, the defendant

### JOSEPH S. ANTONUCCI

did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by false and fraudulent pretenses, representations and promises, to wit: defendant **ANTONUCCI** embezzled approximately $2.9 million from Patriot and Eaglestone by making unauthorized transfers and withdrawals of Patriot funds and directing the money to his own purposes.

## Manner and Means of the Scheme

Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were:

4. Defendant **ANTONUCCI** would and did create false financial documents which misrepresented key Patriot accounting figures, overstated the company's net worth, and concealed his embezzlement of corporate funds.

5. Defendant **ANTONUCCI** would and did send these false financial documents by electronic mail to the managing partner of Eaglestone. These emails traveled from Texas to California by interstate wire transmission.

6. Defendant **ANTONUCCI** would and did send requests for money to Eaglestone by email, claiming the funds were needed for legitimate business operations and concealing that the real reason the company needed money was defendant **ANTONUCCI's** unauthorized transfers and withdrawals.

7. Defendant **ANTONUCCI** would and did embezzle Patriot's corporate funds by, among other things:

    a. Using a Patriot corporate debit card to take out cash from Patriot accounts by making ATM withdrawals and withdrawals from Wells Fargo bank branches;

    b. Using a Patriot corporate debit card to charge personal expenses;

c. Writing checks to himself from Patriot corporate accounts and depositing them into his personal accounts;

d. Moving money from Patriot corporate accounts to his personal accounts by wire transfer;

e. Paying personal expenses by sending wire transfers from Patriot corporate accounts directly to the third party vendor;

f. Paying his American Express credit card bill by transferring money directly from Patriot's corporate accounts to American Express or from Patriot's accounts to his personal account and then to American Express;

g. In or about September 2008, hiring his girlfriend as a Patriot employee and causing the corporation to pay her a monthly salary and provide her other employment benefits; and

h. Making misrepresentations to Patriot's payroll services provider, Insperity, Inc., in order to prevent Insperity from terminating Patriot's account for non-payment.

## Execution of the Scheme

8. On or about the dates listed below, in the Houston Division of the Southern District of Texas, and elsewhere, for the purpose of executing the scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and intending to do so, defendant **ANTONUCCI** knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce the electronic communications set forth in the Counts below:

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | January 28, 2009 | **ANTONUCCI** email to Eaglestone managing partner entitled "2008 Financials" and attaching false 2008 Balance Sheet Summary |
| 2 | May 1, 2009 | **ANTONUCCI** email to Eaglestone managing partner entitled "Income Statements 06, 07, 08" and attaching false 2008 Profit and Loss Statement |
| 3 | August 2, 2009 | **ANTONUCCI** email to Eaglestone managing partner requesting $20,000 and claiming that "the past due nature of [a Patriot client] has things really tight." |
| 4 | October 6, 2009 | **ANTONUCCI** email to Eaglestone managing partner requesting $15,000 or $25,000 for "marketing materials, etc." and "business development efforts" |
| 5 | January 8, 2010 | **ANTONUCCI** email to Eaglestone managing partner requesting $12,000 based on a "cash shortfall" caused by a "billing error" |
| 6 | March 29, 2010 | **ANTONUCCI** debit card charge from Patriot corporate account ending in -3785 to the Palms Casino Resort, Las Vegas, Nevada in the amount of $20,700 |
| 7 | May 20, 2010 | **ANTONUCCI** email to Eaglestone managing partner titled "Meeting and Materials" and attaching false 2009 Profit and Loss Statement |

| 8 | August 18, 2010 | **ANTONUCCI** email to Eaglestone managing partner requesting $20,000–$25,000 based on "delays associated with getting [a Patriot project] complete." |
| --- | --- | --- |
| 9 | November 30, 2010 | **ANTONUCCI** email to Eaglestone managing partner titled "Patriot P&L – 3Q 2010" and attaching false Profit and Loss Statement for January–September 2010 |
| 10 | June 6, 2011 | **ANTONUCCI** email to Eaglestone managing partner entitled "YE 2010 Patriot Financials" and attaching false 2010 Profit and Loss Statement |
| 11 | June 8, 2011 | **ANTONUCCI** email to Eaglestone managing partner entitled "Q1 2011 Patriot Financials" and attaching false Profit and Loss Statement for January–March 2011 |
| 12 | October 13, 2011 | **ANTONUCCI** electronic payment from Patriot corporate account ending in -3785 to American Express in the amount of $52,695.51 |
| 13 | November 15, 2011 | **ANTONUCCI** email to Eaglestone managing partner entitled "Q1 2011 Patriot Financials" and attaching false Profit and Loss Statement for January–June 2011 |
| 14 | February 6, 2012 | **ANTONUCCI** debit card charge from Patriot corporate account ending in -3785 to Palms Casino Resort, Las Vegas, Nevada, in the amount of $15,525.00 |
| 15 | June 25, 2012 | **ANTONUCCI** debit card charge from Patriot corporate account ending in -3785 to Starflite Aviation in the amount of $23,559.03 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS SIXTEEN—TWENTY
## (18 U.S.C. § 1957 – Financial Transactions Involving Proceeds of Specified Unlawful Activity)

9. Paragraphs One through Eight are re-alleged and re-incorporated as if set forth herein.

10. On or about the dates listed below, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

## JOSEPH S. ANTONUCCI

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, as follows:

| COUNT | DATE | DESCRIPTION OF FINANCIAL TRANSACTION | AMOUNT |
|---|---|---|---|
| 16 | June 25, 2009 | Check written by **ANTONUCCI** from his Bank of America account ending in -0953 to the United States Treasury | $26,748.57 |
| 17 | November 12, 2010 | ACH transfer by **ANTONUCCI** from his Wells Fargo account ending in -2447 to American Express | $28,339.19 |
| 18 | March 11, 2011 | Wire transfer by **ANTONUCCI** from his Wells Fargo account ending in -2447 to American Express | $29,664.06 |
| 19 | April 12, 2011 | Wire transfer by **ANTONUCCI** from his Wells Fargo account ending in -2447 to American Express | $15,757.30 |

| 20 | July 8, 2011 | Check written by **ANTONUCCI** from his Wells Fargo account ending in -2447 to Stuart Title and used to purchase a cashier's check in the same amount to pay for a down payment on a home | $138,093.49 |

All in violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY ONE
### (18 U.S.C. § 1001 – False Statement)

11. Paragraphs One through Eight are re-alleged and re-incorporated as if set forth herein.

12. On or about February 11, 2013, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

### JOSEPH S. ANTONUCCI

did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation, a department or agency of the United States, to wit, falsely claiming to FBI Special Agents that (a) the reason Patriot failed was that the general manager of Eaglestone refused to change the company's business model; and (b) **ANTONUCCI** was willing to sacrifice his own compensation in order to help the company succeed, when in reality, and as **ANTONUCCI** well

knew, these statements were false because **ANTONUCCI** had embezzled millions of dollars from Patriot and Eaglestone.

All in violation of Title 18, United States Code, Section 1001.

## NOTICE OF FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to defendant

### JOSEPH S. ANTONUCCI

that in the event of conviction of any of the offenses charged in Counts One through Fifteen of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant

### JOSEPH S. ANTONUCCI

that in the event of conviction of any of the counts Sixteen through Twenty of this Indictment, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

## Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, and which is at least $2.9 million.

## Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: *(signature)*

John P. Pearson
Assistant United States Attorney
(713) 567-9324